*614 OPINION.
Phillips:
Petitioner claims that in 1921 he sustained a net loss from the operation of a trade or business regularly carried on by him, within the meaning of section 204 of the Revenue Act of 1921, which he is entitled to deduct. There is no question that the loss was sustained. The single question involved is whether the losses sustained by reason of the worthlessness of an investment in the corporation result “ from the operation of any trade or business regularly carried on by the taxpayer.”
It appears from the testimony that the petitioner was paid nothing by the city for his services and advice with respect to garbage disposal. Any gain was dependent upon securing a contract for its disposal and the financing of the project, compensation being received by way of a bonus or participating interest in the corporation which was organized to take over the contract. Any profit was, therefore, dependent on the successful financing and operation of the garbage-disposal contract. To accomplish this, petitioner was dependent upon funds which might be secured from investors and usually found it necessary to invest some of his own funds as an evidence of his faith in the undertaking. The financing of these contracts constituted an integral part of the operation of the business of the petitioner. The losses claimed were sustained in the operation of that business and, therefore, are an exception to the general principle that losses from investments in corporations may not be allowed in computing a net loss sustained by an individual.
Reviewed by the Board.

Decision will be entered on 15 days' notice, v/nder Bule 50.